IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JOHNNY CHARLES | * | |
| Plaintiff | * | |
| v. | * | Case No: 1:16-cv-02054-EGS |
| HOME DEPOT, U.S.A., INC. | * | |
| Defendant | * | |

\* \* \* \* \* \* \*

**HOME DEPOT'S REPLY TO PLAINTIFF'S OPPOSITION TO
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

COMES NOW, Defendant HOME DEPOT U.S.A., INC. ("Home Depot"), by counsel, and in reply to Plaintiff's Opposition to Defendant's Motion for Summary Judgment, states the following:

**GENERAL OVERVIEW**

Defendant Home Depot has filed a Motion for Summary Judgment in which it asserts that the condition of which Plaintiff complains is not a dangerous condition as a matter of law and therefore Defendant is entitled to judgment in its favor. In his Opposition, Plaintiff does not raise an issue of fact as to the *de minimis* nature of the alleged condition. Rather, Plaintiff attempts to contest, without support, that the duty owed by a store keeper such as Home Depot is not the same as that owed by municipalities on which Home Depot's support for its argument is based. Plaintiff argues, without support, that the cases cited by Home Depot are distinguishable because a customer versus a pedestrian's expectations are different. None of Plaintiff's arguments create an issue of fact or dispute a finding as a matter of law that the condition at issue is *de minimis*, not a dangerous condition and Home Depot is entitled to judgment in its favor.

1

**ARGUMENT**

I. **THERE IS NO DISTINCTION IN THE LAW BETWEEN A DE MINIMIS CONDITION IN A STORE VERSUS THAT ON A SIDEWALK.**

As outlined in Home Depot's Memorandum in Support of its Motion for Summary Judgment (hereinafter "Memorandum"), to succeed on his claim, Plaintiff must prove that a dangerous condition existed. Paylor v. Safeway Stores, Inc., 225 A.2d 312, 314 (D.C. App. 1967). Plaintiff cannot establish that the condition is dangerous and therefore Home Depot is liable just because he was injured in the store.[1] See Id. ("The mere happening of an accident does not impose liability or permit an inference of negligence."(internal citation omitted.)) As set forth by Home Depot in its Memorandum, the insignificant defect alleged by Plaintiff to be present in the walking surface at the Home Depot store is not an unsafe condition as a matter of law. See Proctor v. D.C., 273 A.2d 656, 659 (D.C. 1971); Williams v. D.C., 646 A.2d 962, 963 (D.C. 1992); Briscoe v. D.C., 62 A.3d 1275, 1278-1280 (D.C. 2013).

In his Opposition, Plaintiff does not dispute that the condition at issue was so *de minimis*, slight, insignificant or inconsequential that reasonable men could not reach different conclusions as to the condition of the surface. See Id. Instead, Plaintiff urges the Court to disregard the established law of the District of Columbia because the incident occurred in a store rather than on a sidewalk. While Home Depot does not dispute that the Court in Proctor recognized that variations in sidewalks are prevalent, the courts' decisions in Proctor, Williams and Briscoe were not based on this purported fact. See Id. The court in Proctor, Williams and Briscoe all found

---

[1] Although not incorporated in any argument, Plaintiff seems to suggest that Plaintiff's claim that Defendant's manager placed a caution sign near the alleged condition after the alleged incident supports his assertion that the condition was dangerous. See ECF 21, ¶4, p.2. Plaintiff's assertion is an inadmissible post remedial measure and does nothing to establish that the alleged condition at issue was dangerous. See FRE 407.

that where the alleged defect is so minor and insignificant, it cannot support a claim of negligence as a matter of law. See Id.

In support of his Opposition, Plaintiff cites to District of Columbia v. Cooper, 445 A.2d 652 (D.C. 1982) for the proposition that an even lesser difference in elevation than that claimed by plaintiff was sufficient to go to the jury. See ECF 21, p. 3. Cooper involved a plaintiff's fall on a walkway under construction comprised of dirt, sand and rocks of which she was not warned. See 445 A.2d at 653-654. In denying the District's appeal of a jury verdict in favor of the plaintiff, the court found that the evidence of negligence was more than a mere trivial defect but an ". . . area of known irregularity in a walkway, where the . . . temporary walkway area was predominantly sand, where there was no alternate route of travel, where remedial action was under way, without any notice or warning to that effect." Id. at 656. In sum, the condition in Cooper was substantially different in kind making it distinguishable from Proctor, Williams and Briscoe, supra. The facts of Cooper are in no way analogous to the instant matter as the area of which Plaintiff complains was not under construction, comprised or rock, sand and dirt, or that other routes of travel were unavailable.

Plaintiff urges this Court to make a distinction between the sidewalk cases and the duties of a storekeeper asserting that the wear and tear is different on a sidewalk and that Home Depot is better positioned to pay to repair walkways in its store and cites to Whitehouse v. Safeway Stores, Inc., 385 A.2d 755 (D.C. 1978) as a more appropriate analogous case.[2] However, Whitehouse is distinguishable because it examined the narrow issue of notice, not the issue of whether the condition of which plaintiff complained was dangerous. Id. at 755. Further, in

---

[2] Plaintiff also incorrectly states that the dangerous condition standard does not apply here completely ignoring the elements of his cause of action under the law of the District of Columbia as set forth hereinabove. See ECF 21, p. 5; Paylor v. Safeway Stores, Inc., 225 A.2d 312, 314 (D.C. App. 1967).

3

discussing notice, the court in Whitehouse cited to two cases which involved alleged defects in a sidewalk and a roadway, respectively. See Id. at 756-757. The Whitehouse court's reliance on District of Columbia v. Disney, 65 App. D.C.138 (1935) and District of Columbia v. Burke, 46 App. D.C. 215 (1917) further supports Home Depot's position that the law in Proctor, Williams and Briscoe, supra. is as applicable to alleged defects in a store as they are to defects in a sidewalk or roadway. Moreover, the court in Whitehouse noted that even if the storeowner had notice of the defect it is not determinative of negligence and "the store is not expected to assume burdens of care which are unreasonable in the light of the relative expense and difficulty . . . as weighed against the probability and seriousness of the foreseeable harm to others." 385 A.2d at 757 (internal quotations and citations omitted.). Thus, it appears that the court in Whitehouse similarly considered the burdens on a storekeeper as that on a city in maintaining walkways and did not distinguish, as urged by Plaintiff, that the duties owed by a storekeeper such as Home Depot are any different than those imposed on the District of Columbia. In sum, Whitehouse supports Home Depot's position that the duties of the storekeeper and the District of Columbia are not distinguishable, and under the law of the District of Columbia, the condition at issue is not a dangerous condition as a matter of law.

## CONCLUSION

Nothing in Plaintiff's Opposition disputes that the alleged condition at issue was *de minimis*, trivial and insignificant as a matter of law and will not support a claim of negligence. Therefore, Home Depot is entitled to summary judgment on Plaintiff's claim.

/s/ Rachel L. Stewart
Rachel L. Stewart, Esq., (No. 27352)
KALBAUGH, PFUND & MESSERSMITH, P.C.
3950 University Drive, Suite 204

Fairfax, Virginia 22030
(703) 691-3331
(703) 691-3332 (fax)
Rachel.Stewart@kpmlaw.com

Brian A. Cafritz, Esq.
Kalbaugh, Pfund & Messersmith, P.C.
901 Moorefield Park Drive, Suite 200
Richmond, Virginia 23236
(804) 320-6300
(804) 320-6312 (fax)
Brian.Cafritz@kpmlaw.com

*Attorneys for Home Depot U.S.A. Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and accurate copy of Home Depot's Reply to Plaintiff's Opposition to Defendant's Motion for Summary Judgment was electronically filed this 5th day of January, 2018 through the Court's CM/ECF system, which sent an electronic notification to:

John J. Cord, Esq.
Posner & Cord, LLC
108 W. Timonium Road, Suite 303
Timonium, MD 21093
jcord@charmcitylawyer.com
*Attorney for Plaintiff*


    /s/ Rachel L. Stewart
Rachel L. Stewart, Esq., (No. 27352)
KALBAUGH, PFUND & MESSERSMITH, P.C.
3950 University Drive, Suite 204
Fairfax, Virginia 22030
(703) 691-3331
(703) 691-3331 (fax)
Rachel.Stewart@kpmlaw.com

Brian A. Cafritz, Esq.
Kalbaugh, Pfund & Messersmith, P.C.
901 Moorefield Park Drive, Suite 200
Richmond, Virginia 23236

(804) 320-6300
(804) 320-6312 (fax)
Brian.Cafritz@kpmlaw.com

*Attorneys for Home Depot U.S.A. Inc.*