UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
_____
                              )
JOHNNY CHARLES,               )
                              )
         Plaintiff,           )
                              )
    v.                        )    Case No. 16-cv-2054 (EGS)
                              )
HOME DEPOT, U.S.A., INC.,     )
                              )
         Defendant.           )
_____)
```

**<u>MEMORANDUM OPINION AND ORDER</u>**

Plaintiff Johnny Charles ("Mr. Charles") sues defendant Home Depot, U.S.A., Inc. ("Home Depot") for negligence after he stepped in a hole in the floor of a Home Depot store, causing him to twist and injure his ankle. Pending before the Court is Home Depot's motion for summary judgment. After carefully considering the motion, Mr. Charles' response, the reply thereto, the entire record herein, and the applicable law, the Court **DENIES** Home Depot's motion.

**I. Background**

There is very little dispute as to the facts material to this case. *See, e.g.*, Def.'s Reply to Counter-Stmt. of Material Facts, ECF No. 26-3. On October 16, 2013, Mr. Charles was shopping at a Home Depot store located in Northeast Washington, D.C. *See* Dep., ECF No. 25-1 at 23:6-12. He was pushing a cart

1

when he "stepped in a hole" and "twisted his [right] ankle." *Id.* at 28:18-22. According to Mr. Charles, the hole was "about two inches wide and about . . . a little under a half inch deep." *Id.* at 29:17-24. Mr. Charles estimated the hole was also about two inches long. *Id.* at 40:6-9. Mr. Charles did not know what caused the hole in the cement floor, but characterized it as "clean-cut," meaning there was no other "loose cement" nearby. *Id.* at 35:7-16.

After twisting his ankle, Mr. Charles reported the hole and his injury to the store manager, *id.* 28:18-25, and filled out an incident report, *see* Ex. 2, ECF No. 25-1 at 38[1] (reporting that he stepped in a hole and twisted his right ankle). According to Mr. Charles, the manager apologized and placed a caution sign over the hole. Dep., ECF No. 51-1 at 28:18-25. He also believed the manager was aware of the hole prior to his injury because the manager said "something like, I told them" when Mr. Charles showed him the hole. *Id.* at 36:2-20. Home Depot disputes that the manager placed a caution sign next to the hole. *See* Nunyi Aff., ECF No. 26-1 (Home Depot manager's attestation that, "to the best of [his] recollection," he never "place[d] a caution sign in the area Mr. Charles claimed to have injured himself").

---

[1] When citing electronic filings throughout this Opinion, the Court cites to the ECF page number, not the page number of the filed document.

Initially, Mr. Charles did not believe that he had been badly injured, *see* Dep., ECF No. 25-1 at 42:10-15, but his condition changed quickly, *id.* at 52:13-16, and his ankle never fully healed. Over the years, Mr. Charles wore several "boot" casts and ankle braces, he had to use crutches for several weeks, and ultimately, he required physical therapy, cortisone shots, and surgery. *See id.* at 71:15-19, 84-85, 88-92. Mr. Charles still wears an ankle brace, *id.* at 96:10-15, and his ankle is still tender and painful, *id.* at 101:2-19. Indeed, Mr. Charles' ankle still prevents him from partaking in many activities that he used to enjoy. *See id.* at 103-107.[2]

## II. Standard of Review

Pursuant to Federal Rule of Civil Procedure 56, summary judgment should be granted only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Waterhouse v. District of Columbia*, 298 F.3d 989, 991 (D.C. Cir. 2002). The moving party must identify "those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which

---

[2] Mr. Charles' previous conditions, including his diabetes, may have aggravated or significantly worsened his injury. *See* Dep., ECF No. 25-1 at 79:1-6 (Mr. Charles: "And the reason why the swelling wouldn't go down, [the doctor] said could be because of my diabetes . . . . when you get injuries of that nature, it's harder to heal").

3

it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quotations omitted). On the other hand, to defeat summary judgment, the nonmoving party must demonstrate that there is a genuine issue of material fact. *Id.* at 324. A material fact is one that is capable of affecting the outcome of the litigation, while a genuine dispute is one in which "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Further, in the summary judgment analysis "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255.

## III. Analysis

In its motion for summary judgment, Home Depot argues that it was not negligent as a matter of law. It contends that the alleged hole in which Mr. Charles twisted his ankle cannot constitute a dangerous condition because it was only about two inches wide, two inches long, and a half-inch deep. *See generally* Def.'s Mot., ECF No. 24. Mr. Charles responds by arguing that whether the hole was a dangerous condition is a question for the jury to resolve. *See generally* Pl.'s Opp'n, ECF No. 25. He contends that the Court cannot find that the hole was not dangerous as a matter of law. *See id.*

4

Under District of Columbia law, which both parties agree applies,[3] the plaintiff in a negligence action must demonstrate three elements: that there was "a duty of care owed by the defendant to the plaintiff, a breach of that duty by the defendant, and damage to the interests of the plaintiff, proximately caused by the breach." *Girdler v. United States*, 923 F. Supp. 2d 168, 187 (D.D.C. 2013)(quotations and citations omitted). The plaintiff bears the burden of "establishing that a violation of the reasonable standard of care is the proximate cause of the injury sustained. The mere happening of an accident does not meet this burden." *District of Columbia v. Cooper*, 445 A.2d 652, 655 (D.C. 1982).

Generally, a store proprietor has an "obligation of due care to protect customers from risks created by employees or risks created by other customers." *Hudson v. Harris Teeter, LLC*, 292 F. Supp. 3d 496, 499 (D.D.C. 2018)(quoting *Safeway Stores, Inc. v. Morgan*, 253 A.2d 452, 453 (D.C. 1969)). In this case, "the burden is on the plaintiff to prove that the defendant was negligent 'either in creating a dangerous condition or in allowing one to continue without correction and that this negligence was the proximate cause of the injuries.'" *Thomas v.*

---

[3] "Because this is a diversity case, the substantive tort law of the District of Columbia controls." *Smith v. Washington Sheraton Corp.*, 135 F.3d 779, 782 (D.C. Cir. 1998)(citations omitted).

5

*Grand Hyatt Hotel*, 749 F. Supp. 313, 314 (D.D.C. 1990), *aff'd*, 957 F.2d 912 (D.C. Cir. 1992)(quoting *Paylor v. Safeway Stores, Inc.,* 225 A.2d 312, 314 (D.C. 1967)). Moreover, when liability is predicated upon the existence of a dangerous condition, as here, "'it is necessary to show that the party against whom negligence is claimed had actual notice of the dangerous condition or that the condition had existed for such length of time that, in the exercise of reasonable care, its existence should have become known and corrected.'" *Hudson*, 292 F. Supp. 3d at 499 (quoting *Sullivan v. AboveNet Comm'ns, Inc.*, 112 A.3d 347, 356 (D.C. 2015)). Generally, whether a condition is unreasonably dangerous or reasonably safe is a question "for the jury." *Cooper*, 445 A.2d at 655. Because "jurors are the triers of fact," *id.*, "where there is evidence upon which reasonable persons might differ as to negligence and other elements of liability, those questions must be decided by the jury," *id.* (citations omitted)(referring to "the question of whether a walkway is reasonably safe").

Home Depot argues that the critical question in this case, whether the hole in which Mr. Charles twisted his ankle was a dangerous condition, is not an issue for the jury because a half-inch deep hole is not a dangerous condition as a matter of law. *See* Def.'s Mot., ECF No. 24 at 4-7 ("plaintiff cannot establish a *prima facie* case of premises liability because the

6

condition at issue was not an unsafe condition as a matter of law"). In support of its argument, it primarily relies on three District of Columbia Court of Appeals ("Court of Appeals") cases. *See id.* (discussing *Proctor v. District of Columbia*, 273 A.2d 656 (D.C. 1971); *Williams v. District of Columbia*, 646 A.2d 962 (D.C. 1992); and *Briscoe v. District of Columbia*, 62 A.3d 1275 (D.C. 2013)). In all three cases, the Court of Appeals evaluated whether the District of Columbia was liable for injuries caused by minor defects on public sidewalks. In each, the Court of Appeals founds that the protrusions, which ranged from a quarter-inch to an inch deep, were not dangerous conditions as a matter of law. In so concluding, the Court of Appeals recognized "what pedestrians living in urban areas know from their own experience: namely, that minor sidewalk elevations are not an unusual condition for city sidewalks and are in fact what might be called a very prevalent condition." *Proctor*, 273 A.2d at 658. Because it is "impossible to maintain a sidewalk in perfect condition[,] [m]inor defects are bound to exist." *Id.* ((quoting *Barrett v. City of Claremont*, 41 Cal. 2d 70, 73 (1953)). Accordingly, the Court of Appeals held that "[a] municipality cannot be expected to maintain the surface of its sidewalks free from all inequalities and from every possible obstruction to travel. Minor defects due to continued use, or action of the elements, or other cause, will not necessarily

7

make the city liable for injuries caused thereby." *Id.* (quoting *Barrett*, 41 Cal. 2d at 73). Applying this logic, the Court of Appeals has consistently held that the District of Columbia cannot be liable for injuries caused by *de minimis* defects on public sidewalks. See *Briscoe*, 62 A.3d at 1278-79 (discussing *Proctor*, 273 A.2d at 658 and *Williams*, 46 A.2d at 963).

These cases, however, are not directly on point—they all involve municipality liability and public sidewalks. In each case, the Court of Appeals stressed that the protrusions existed on *public* sidewalks, where minor defects are "bound to exist." *Proctor*, 273 A.2d at 658. Home Depot has not explained whether or why such defects are also "bound to exist" in retail stores, which are presumably less traveled and not exposed to the same elements. *See generally* Def.'s Mot., ECF No. 24; Def.'s Reply, ECF No. 26. Home Depot has also not addressed the fact that customers' expectations of retail store conditions likely are different from their expectations of public sidewalk conditions, based on their experiences. *See generally* Def.'s Mot., ECF No. 24; Def.'s Reply, ECF No. 26; *see also Proctor*, 273 A.2d at 658 (taking into consideration pedestrians' expectations of city sidewalks based on their experiences).

Instead, Home Depot argues that there is no legal distinction between a *de minimis* defect in a store and one on the public sidewalk. Def.'s Reply, ECF No. 26 at 2. It contends

that the Court of Appeals did not base the *Proctor*, *Briscoe*, and *Williams* decisions on the fact that "variations in sidewalks are prevalent." *Id.* The Court disagrees. The fact that the slight variations were "prevalent" and "minor defects are bound to exist" on public sidewalks were considerations central to the Court of Appeals' decisions. *Proctor*, 273 A.2d at 658. In all three cases, the Court of Appeals stressed that public sidewalks were "impossible to maintain," and, as such, municipalities should not be held liable for trivial defects. *See, e.g.*, *id.* Indeed, all the cases relied upon in *Proctor* also involved municipal liability for slight defects on public sidewalks. *See id.* at 658-59 (discussing and citing *Barrett v. City of Claremont*, 41 Cal. 2d 70, 73 (1953); *Kimball v. City of Cincinnati*, 160 Ohio St. 370, 374 (1953); *City of Memphis v. McCrady*, 174 Tenn. 162, 164 (1938); *Ness v. City of San Diego*, 144 Cal. App. 2d 668 (1956)). Thus, the Court is not persuaded that defects in public sidewalks are indistinguishable from defects in retail stores.

Moreover, Home Depot has not identified, and the Court could not locate, a case in which a minor defect in a retail store or a private premise was found to be not dangerous as a matter of law. *See generally* Def.'s Mot., ECF No. 24; Def.'s Reply, ECF No. 26. To the contrary, in *Whitehouse v. Safeway*, the Court of Appeals noted approvingly that the Superior Court

9

of the District of Columbia had found that the plaintiff presented evidence sufficient to "raise a jury issue" that a hole in the tile floor of a grocery store was a hazard. 385 A.2d 755, 755-56 (D.C. 1978)(reversing the Superior Court only to the extent that it concluded there was no constructive notice). Neither court focused on the size or depth of the hole. *See id.* at 755-56, 756 n.1. Without any binding precedent as guidance, the Court declines to arbitrarily determine how big a defect must be to constitute a dangerous condition as a matter of law. *See Proctor*, 273 A.2d at 658-59 (stating that the Court of Appeals should not "get into the position of arbitrarily determining that the maintenance of a particular defects such as a hole of a certain depth or a raised brick protruding a certain height above the surrounding bricks constitutes negligence. Such questions are for the jury in light of all of the surrounding circumstances").

Nevertheless, Home Depot argues that it is not "expected to assume burdens of care which are unreasonable." In so arguing, it suggests that repairing the hole would have been unreasonable. Def.'s Reply, ECF No. 26 at 4 (quoting *Whitehouse*, 385 A.2d at 757). However, this too is a question for the jury. *See Cooper*, 445 A.2d at 660 ("Because the determination of reasonable care depends on many factual circumstances, courts may not establish rules denying the jury its traditional

function of determining negligence."); *see also Kindig v. Whole Foods Mkt. Grp., Inc.*, 930 F. Supp. 2d 48, 51 (D.D.C. 2013)("Supermarket slip and fall cases are exactly the type of case within the province of a jury because . . . grocers have a duty to take reasonable precautions to maintain the store premises in a condition so as not to create an unreasonable risk of harm to customers.")(quotations and citations omitted).

Having rejected Home Depot's argument, the Court finds that Mr. Charles otherwise established his negligence claim. For example, neither party disputes that the hole caused Mr. Charles' injury. Home Depot agrees that he twisted his ankle when he stepped in the half-inch deep hole. *See* Def.'s Reply to Counter-Stmt. of Material Facts, ECF No. 26-3 ¶¶ 1-3; Dep., ECF No. 25-1 at 31:9-32:7. Viewing the evidence in the light most favorable to Mr. Charles, the Court concludes there is sufficient evidence from which a reasonable person could find that the hole was a dangerous condition and caused his injury. *See Cooper*, 445 A.2d at 655 ("the law does not require proof of negligence to a certainty. Rather, the law requires only that the evidence, when viewed most favorably for the plaintiff, indicate a reasonable probability of negligence on the part of the defendant")(quoting *Rich v. District of Columbia*, 410 A.2d 528, 532 (D.C. 1979)).

Moreover, Home Depot does not argue that it lacked knowledge or notice of the hole prior to Mr. Charles' injury. *See generally* Def.'s Mot., ECF No. 24; Def.'s Reply, ECF No. 26. Viewing the evidence in the light most favorable to Mr. Charles, a reasonable juror could conclude that Home Depot knew or had constructive knowledge about the condition. Mr. Charles testified that the Home Depot manager said, after Mr. Charles showed him the hole, "I told them" while apologizing. Dep., ECF No. 25-1 at 36:2-23. Indeed, this fact has not been controverted in the record. *See* Nunyi Aff., ECF No. 26-1 (Home Depot manager stating that he had no recollection of putting a caution sign near the hole, but not denying that he said something like "I told them" after viewing the hole).

### IV. Conclusion and Order

Because the Court cannot agree that a half-inch deep hole is not a dangerous condition as a matter of law, and because Mr. Charles presented sufficient evidence such that a reasonable jury could conclude that his injury was caused by a dangerous condition of which Home Depot had prior knowledge, the Court must **DENY** Home Depot's motion for summary judgment.

It is further **ORDERED** that the parties shall file a joint status report with recommendations for further proceedings by no later than February 4, 2019.

**SO ORDERED.**

**Signed:   Emmet G. Sullivan
            United States District Judge
            January 3, 2019**