**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JOHNNY CHARLES, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Civil Action No. 1:16-cv-02054-EGS |
| | : |
| HOME DEPOT U.S.A., INC., | : |
| | : |
| Defendant. | : |

**DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS MOTION *IN LIMINE*
REGARDING PLAINTIFF'S FUTURE DAMAGES**

COMES NOW, Defendant Home Depot U.S.A., Inc. ("Home Depot") and, in support of its Motion *in Limine* regarding Plaintiff's treatment and future damages, states the following:

**INTRODUCTION**

Plaintiff claims in this matter that, as a result of an incident on October 16, 2013, he sustained an injury to his foot and ankle resulting in surgery on his subtalar joint. Plaintiff has identified Dr. Andrew Collier, an orthopedist, to testify at trial regarding the Plaintiff's injuries and treatment. In Dr. Collier's report provided to counsel in accordance F.R.Cv.P. 26, he identifies the records he reviewed and summarizes the treatment Plaintiff received for his alleged foot injury. See June 29, 2017 report of Andrew Collier, M.D., F.A.C.S attached hereto as **Exhibit 1**. Dr. Collier does not mention in his report the receipt or review of any records from Metro Spine Oxon Hill, MedStar Medical Group or Blue Bay Anesthesia, P.C. who treated Plaintiff both prior to and after the incident for primarily a preexisting spine condition and other unrelated orthopedic conditions. While Dr. Collier opines in his report that the medical care described in the report was reasonable and necessary, he provides no specific opinion regarding any treatment Plaintiff received at Metro Spine Oxon Hill, MedStar Medical Group or Blue Bay

1

Anesthesia, P.C. and, as noted above, does not specifically mention that he even reviewed the records from Metro Spine Oxon Hill, MedStar Medical Group or Blue Bay Anesthesia, P.C. However, in Plaintiff's list of exhibits for introduction at trial set forth in the Joint Pretrial Statement (ECF 34, p. 5; ECF 34-1), Plaintiff identifies several years of records and bills from Metro Spine Oxon Hill, MedStar Medical Group and Blue Bay Anesthesia, P.C. that he anticipates introducing at trial. Plaintiff does not identify any other witness who has been disclosed to Defendant or has provided a report in compliance with F.R.Cv.P. 26 to testify to the records and bills of Metro Spine Oxon Hill, MedStar Medical Group or Blue Bay Anesthesia, P.C. and their reasonableness or necessity as related to treatment received as a result of the incident at issue in this matter. Accordingly, Defendant Home Depot moves to exclude any evidence or arguments regarding the treatment received, including the records and bills, from Metro Spine Oxon Hill, MedStar Medical Group and Blue Bay Anesthesia, P.C. identified by Plaintiff in their entirety from introduction at the trial of this matter.

Further, in Dr. Collier's report (Exh. 1), Dr. Collier states that Plaintiff's altered ambulation mechanics [as a result of the surgery he obtained] "<u>may</u> aggravate his prior spine conditions." See Exh. 1, p. 2 (emphasis added). Dr. Collier does not provide any opinion regarding the need for any further treatment needed by Plaintiff or the cost of any future treatment. Defendant Home Depot moves herein to exclude any evidence or arguments, including the testimony of Dr. Collier or any other witness, speculating that Plaintiff has sustained or will in the future experience an aggravation of his pre-existing spinal conditions as a result of the incident at issue in this matter or the need for and costs of treatment for any future treatment for the alleged injuries at issue in this matter.

## ARGUMENT

1. **Evidence or arguments of the relationship of treatment by Metro Spine Oxon Hill, MedStar Medical Group or Blue Bay Anesthesia, P.C. to the incident of which he complains and the injuries allegedly sustained as a result thereof should be barred as not previously disclosed to Defendant.**

F.R.Cv.P. 26 requires Plaintiff to disclose the opinions of his testifying experts in accordance with the Federal Rules and the orders of this court. Plaintiff has failed to identify any expert opinion regarding the correlation, reasonableness or necessity of the treatment Plaintiff received at Metro Oxon Hill, MedStar Medical Group or Blue Bay Anesthesia, P.C. to the injuries he claims to have received as a result of the incident at issue in this lawsuit.

Federal Rule of Civil Procedure 26 (e) provides that a party must supplement any expert report at least prior to the time the party's pretrial disclosures are due. Plaintiff has not done so.

Federal Rule of Civil Procedure 37 (c) provides that if a party fails to provide information as required by Rule 26(e), the party is not allowed to use that information or evidence at trial, unless the failure was substantially justified or is harmless. Although Plaintiff identified the records of Metro Spine Oxon Hill, MedStar Medical Group or Blue Bay Anesthesia, P.C. in discovery, he has failed to identify any opinion by any expert supporting the treatment described therein as related in any fashion to the injuries Plaintiff sustained in the incident at issue. The records themselves describe treatment that does not appear on its face to be related to the incident and primarily address other orthopedic injuries for which he received treatment. For example, the MedStar Medical Group report for March 14, 2014 pertains to a neurological consult for neck and arm pain and the treatment on June 3, 3015 was a follow-up for high blood pressure and diabetes, treatment with Blue Bay Anesthesia on May 13, 2015 was for cervical radiculopathy. Plaintiff's failure to provide an expert opinion supporting the introduction of the afore-said records and treatment as related to the injuries Plaintiff claimed to have sustained in

3

the incident at Home Depot is neither justified nor harmless to allow him at this late date to proceed with his claim for treatment described in the Metro Spine Oxon Hill, MedStar Medical Group and Blue Bay Anesthesia, P.C. records and the costs of same, and he should be excluded from offering evidence of it at the trial of this matter.

> 2. **Evidence or arguments that Plaintiff "may" suffer from an exacerabation of his pre-existing spine condition is speculative and should be excluded from trial.**

As described above, Plaintiff's retained testifying expert has opined that Plaintiff "may" experience an exacerbation of his spine condition as a result of his injury and treatment he claims to be related to the incident at issue in this matter. Dr. Collier has provided no opinion that Plaintiff did suffer from an exacerbation although there are numerous records documenting plaintiff's continued treatment for his pre-existing spine condition. Dr. Collier's opinion at this time that he did or may is both speculative and should be excluded as not having been previously disclosed. See Fed. R. Civ. P. 26 and D.C. Civ. Jury Ins. 12-3 (setting forth that the jury cannot award damages based on speculation).

> 3. **Evidence of any potential future treatment and cost of same should be excluded as not having previously been disclosed to Defendant.**

Neither Dr. Collier nor any other witness has provided any opinion as to the need for any future treatment or the costs of same. Plaintiff has not provided any information in discovery to describe what future treatment is or may be needed or the actual costs of such treatment. As Plaintiff has simply failed to timely disclose information regarding his future damages in accordance with FRCVP 26 (e), he should be barred from introducing any evidence of future treatment or the costs of same at trial pursuant to FRCVP 37 (c).

The prejudice or harm to Defendant by allowing the introduction of evidence which as of the date of filing this memorandum has not been disclosed to Defendant is clear. It increases the

potential damage award against Defendant by a significant sum.  Moreover, Defendant has not had an opportunity to explore in deposition the alleged additional treatment, what affect, if any, it may have on the Plaintiff's current complaints, the appropriateness of the treatment, the reasonableness of the costs of the future treatment, or allow an expert to opine on the present day value of the future treatment.  The evidence which Plaintiff may present would simply be a complete surprise to Defendant and for which Defendant has had no opportunity to prepare or refute. Accordingly, Plaintiff should be barred from attempting to introduce any evidence of future treatment or damages at the trial of this matter.

## **CONCLUSION**

Plaintiff has filed to provide any expert opinion regarding the correlation of the Plaintiff's treatment at Metro Spine Oxon Hill, MedStar Medical Group or Blue Bay Anesthesia, P.C.  to the injuries Plaintiff claims to have suffered in the instant matter.  Further, Plaintiff's expert has not provided an opinion that Plaintiff did suffer an exacerbation of his pre-existing spine condition and speculated that the Plaintiff may suffer future exacerbation of a pre-existing injury which lacks definiteness upon which a jury may award damages.  Additionally, Plaintiff has neither timely nor at the time of filing this motion and memorandum disclosed any information to support the need or cost of any potential future treatment.  Defendant will clearly be prejudiced by the introduction of evidence which is not supported by reasonably certain expert testimony and which was not previously disclosed to Defendant.  Accordingly, Plaintiff must be barred from introducing any evidence or arguments of Plaintiff's treatment at Metro Spine Oxon Hill, MedStar Medical Group or Blue Bay Anesthesia, P.C. following the incident at issue as well as any exacerbation of a pre-existing injury or speculative future harm in the form of exacerbated pre-existing injuries or any future treatment needed or the costs of same.

/s/ Rachel L. Stewart
Rachel L. Stewart, DC Bar #1015678
KALBAUGH, PFUND & MESSERSMITH, P.C.
3950 University Drive, Suite 204
Fairfax, VA 22030
(703) 691-3331
(703) 691-3332 (fax)
Rachel.Stewart@kpmlaw.com
*Counsel for Home Depot U.S.A., Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and accurate copy of Home Depot U.S.A. Inc.'s to Memorandum in support of Motion i*n Limine* Regarding Plaintiff's Future Damages was electronically filed this filed this 7th day of August, 2019 through the Court's CM/ECF system, which sent an electronic notification to:

John J. Cord, Esquire
Posner & Cord, LLC
108 West Timonium Road, Suite 303
Timonium, Maryland 21093
***Counsel for Plaintiff***

/s/ Rachel L. Stewart
Rachel L. Stewart, DC Bar #1015678
