UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| JOHNNY CHARLES ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> HOME DEPOT U.S.A., INC. ) <br> ) <br> Defendant. ) <br> ) | No. 1: 16-cv-02054 (GMH) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Johnny Charles has sued Defendant Home Depot U.S.A., Inc., for damages stemming from an injury he sustained at one of Defendant's stores. Three motions are currently pending before the Court: Defendant's motion in limine to exclude certain evidence from trial, Defendant's motion to strike Plaintiff's memorandum in opposition to Defendant's motion in limine, and Plaintiff's motion for an extension of time to file a response to Defendant's motion in limine. For the reasons discussed below, the Court will grant in part Defendant's motion in limine but will defer ruling on Defendant's request to exclude evidence that may be relevant for impeachment. The Court will also deny Defendant's motion to strike and grant Plaintiff's motion for an extension of time *nunc pro tunc*.

**I.     BACKGROUND**

Plaintiff initiated this lawsuit in October 2016 alleging that, while he was visiting one of Defendant's stores, he stumbled on a hole in the floor and suffered an injury to his ankle. ECF No. 1 at 2–3. In February 2019, the Court set a September 2019 trial date. Minute Entry dated February 27, 2019. In July 2019, the Court entered an order ("Pretrial Order") establishing, among other things, the following deadlines: August 7, 2019, for the filing of motions in limine; August

14, 2019, for the filing of oppositions to any such motions; and August 21, 2019, for the filing of replies to any oppositions. ECF No. 33 at 5.

Consistent with the schedule set in the Pretrial Order, on August 7, 2019, Defendant filed the motion in limine at issue here,[1] seeking to exclude from trial "[a]ny and all evidence or arguments of any actions taken by . . . [Defendant] following [Plaintiff's injury]," in particular Plaintiff's testimony that, after his injury, one of Defendant's employees placed a caution sign over the hole in the floor on which he stumbled, and then filled in the hole. ECF No. 36 at 1. In support of that motion, Defendant primarily relies on Federal Rule of Evidence 407, which provides that, "[w]hen measures are taken that would have made an earlier injury or harm less likely to occur, evidence of the subsequent measures is not admissible to prove:  negligence; culpable conduct; a defect in a product or its design; or a need for a warning or instruction." Fed. R. Evid. 407; ECF No. 36-1 at 1–2.  On August 21, 2019—one week after the Pretrial Order's deadline for filing oppositions—Plaintiff filed his opposition to Defendant's motion in limine arguing that he intends to submit evidence of the caution sign for impeachment purposes, to prove the feasibility of precautionary measures, and to prove the existence of the hole. ECF No. 37. Plaintiff contends that these purposes are permissible under Rule 407. *Id.* Defendant moved to strike Plaintiff's opposition, noting that it was filed one week after the deadline in the Court's Pretrial Order. ECF No. 38. On September 6, 2019, Plaintiff filed an opposition to Defendant's motion to strike and simultaneously moved for an extension of time to file a response to Defendant's motion in limine, thus he essentially requests a retroactive extension of time to file a response to Defendant's motion in limine. ECF Nos. 39, 41. In other words, if Plaintiff's motion

---

[1] Defendant filed another motion in limine on August 7, 2019 (ECF No. 35), which the Court granted as conceded. Minute Order dated Sept. 20, 2019.

were granted, his opposition would be deemed timely filed. ECF No. 39 at 3. Meanwhile, on August 28, 2019, the Court vacated the September 2019 trial date. Minute Order dated August 28, 2019. The trial date has since been rescheduled for March 2022. Minute Entry dated September 24, 2021.

For the reasons that follow, the Court will deny Defendant's motion to strike, grant in part Defendant's motion in limine, and grant Plaintiff's motion for an extension of time.[2]

## II. DISCUSSION

### A. Motion to Strike

Beginning with Defendant's motion to strike, Defendant argues that Plaintiff's opposition to Defendant's motion in limine should be stricken as untimely because it was filed on August 21, 2019—*i.e.*, one week after the Pretrial Order's August 14, 2019 deadline for oppositions to motions in limine. ECF No. 38 at 1. In response, Plaintiff cites Rule 6(b)(1)(B) of the Federal Rules of Civil Procedure, which provides that, "[w]hen an act . . . must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B); ECF No. 39 at 2. Specifically, Plaintiff's counsel asserts that his delay in filing the opposition resulted from excusable neglect because, in calculating his deadline, he "neglected to consult the [ ] Pretrial Order" and instead relied on Local Rule 7(b), which states that oppositions to motions must generally be filed within two weeks after the filing of corresponding motions. ECF No. 39 at 2; LCvR 7(b).

---

[2] The relevant docket entries for purposes of this Memorandum Opinion and Order are (1) Defendant's motion in limine (ECF No. 36), (2) Plaintiff's memorandum in opposition to Defendant's motion in limine (ECF No. 37), (3) Defendant's motion to strike Plaintiff's opposition and reply in support of its motion in limine (ECF No. 38), (4) Plaintiff's memorandum in opposition to Defendant's motion to strike (ECF No. 39); (5) Plaintiff's surreply in opposition to Defendant's motion in limine (ECF No. 40); and (6) Plaintiff's motion for an extension to time. The page numbers cited herein are those assigned by the Court's CM/ECF system.

In determining whether a party has demonstrated excusable neglect, the Court has extensive discretion, *see Yesudian ex rel. United States v. Howard University*, 270 F.3d 969, 971 (D.C. Cir. 2001), and undertakes its analysis by considering the following factors: (1) the prejudice to the opposing party; (2) the length of the delay and its potential impact on the judicial proceedings; (3) the reason for the delay, including whether it was within the control of the party seeking an extension; and (4) whether the party seeking an extension acted in good faith. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993); *see also In re Vitamins Antitrust Class Actions*, 327 F.3d 1207, 1209 (D.C. Cir. 2003) (applying the *Pioneer* factors). "Where . . . no excusable neglect [is] shown, the late filing is not permitted." *Am. Land Acquisition, Corp. v. Pergament*, No. 13 CV 4357, 2014 WL 904963, at *5 (E.D.N.Y. Mar. 6, 2014) (alterations in original) (quoting *In re Lynch*, 430 F.3d 600, 605 (2d Cir. 2005)). In making an excusable neglect determination, "the [third] *Pioneer* factor—fault—is 'perhaps the most important single factor.'" *Jarvis v. Parker*, 13 F. Supp. 3d 74, 79 (D.D.C. 2014) (quoting *Inst. for Policy Studies v. CIA*, 246 F.R.D. 380, 383 (D.D.C. 2007)); *see also Wilson v. Prudential Fin.*, 218 F.R.D. 1, 3 (D.D.C. 2003) (describing fault as the "key factor" in excusable neglect analysis).

Here, the first, second, and fourth *Pioneer* factors weigh strongly in Plaintiff's favor. Defendant would not be prejudiced if the Court considered Plaintiff's delayed opposition in ruling on its motion in limine because trial was reset for March 2022, the parties have had ample time to prepare for it, and Plaintiff's delayed filing had no material effect on the proceedings. Also, the length of the delay—one week—was short and, again, did not impact judicial proceedings given that the September 2019 trial date was vacated, and the trial was rescheduled for March 2022. *Cf. D.A. v. District of Columbia*, Civil Action No. 07–1084, 2007 WL 4365452, at *3 (D.D.C. Dec. 6, 2007) (finding that a delay of "approximately two weeks" weighed in favor of excusable neglect),

*report and recommendation adopted*, 2008 WL 11391183 (D.D.C. Jan. 8, 2008); *see also Cryer v. InterSolutions, Inc.*, No. 06–cv–2032, 2007 WL 1191928, at *6 (D.D.C. Apr. 20, 2007) (finding that the length of the delay was "not great" where a motion was filed 22 days after the deadline). Furthermore, there is no reason to believe that Plaintiff's counsel acted in bad faith.

Turning to the third factor—the reason for delay—the Court finds that Plaintiff's mistaken reliance on the Federal Rules of Civil Procedure in determining the opposition deadline ultimately does not outweigh the other three *Pioneer* factors. The D.C. Circuit's decision in *Yesudian* is instructive. There, the court considered whether the district court's acceptance of a late filing constituted a reversible error where counsel "mistaken[ly] reli[ed] on the D.C. Superior Court rules in lieu of those for the federal district court for the District of Columbia." 270 F.3d at 971. The Circuit noted that such a mistake was "[f]oolish," but ultimately deferred to the district court and upheld its decision to accept counsel's late filing. The Circuit emphasized that the district court had determined there was no prejudice from the delayed filing, the delay was brief—one week— and there was no suggestion of any material effect on the proceedings or of bad faith. *Id.* Although the Circuit's decision in *Yesudian* also rested on the deference owed to district courts, the situation confronted by the District Court in that case is analogous to that presented here; that is, the first, second, and fourth *Pioneer* factors weigh strongly in favor of accepting the delayed filing and, with respect to the third factor, Plaintiff's counsel mistakenly relied on the wrong schedule to determine the due date for his opposition.[3] In contrast, the cases where this Court has found no

---

[3] Plaintiff claims that the D.C. Circuit in *Yesudian* "held that it was excusable neglect for an attorney to file a document one week late because of simple oversight." ECF No. 39 at 2. However, as discussed above, *Yesudian* "rested less on substance than on the deference afforded the trial court in assessing whether particular facts constitute excusable neglect." *Cohen v. Bd. of Trs. of the Univ. of D.C.*, 307 F.R.D. 287, 290 n.5 (D.D.C. 2014) (quoting *Inst. for Policy Studies*, 246 F.R.D. at 385); *D.A.*, 2007 WL 4365452, at *6 (same); *see Yesudian*, 270 F.3d at 971 (emphasizing the "great deference that we owe district courts in what are effectively their 'case-management decisions'" (quoting *Maldonado-Denis v. Castillo-Rodriguez*, 23 F.3d 576, 583–84 (1st Cir. 1994))). So, contrary to Plaintiff's suggestion,

excusable neglect are distinguishable, as they involved repeated failures to comply with court deadlines, failure to provide any explanation for missing the deadline, and inadvertently mis-calendaring the due date. *See, e.g.*, *Cohen*, 307 F.R.D. at 288 (no excusable neglect where "numerous delays [were] caused by plaintiff's failures to comply with deadlines throughout th[e] litigation"); *Embassy of Fed. Republic of Nigeria v. Ugwuonye*, 901 F. Supp. 2d 92, 99 (D.D.C. 2012) (relying in part on "multiple delays" in denying a motion for extension of time and noting that "this is not the first time [the party] has missed a deadline in this action"); *McDowell-Bonner v. District of Columbia*, 668 F. Supp. 2d 124, 127 (D.D.C. 2009) (finding no excusable neglect where the parties whose filings were untimely offered no explanation for missing court-ordered deadlines); *Inst. for Policy Studies*, 246 F.R.D. at 383–84 (same where the party whose filing was untimely stated that the delay resulted from "inadvertent[ ] mis-calendaring of the due date" rather than here where the party relied on the incorrect rule (alteration in original) (quoting the record))); *Halmon v. Jones Lang Wootten USA*, 355 F. Supp. 2d 239, 242 (D.D.C. 2005) (same where counsel who failed to file a timely response stated that the delay occurred because she "did not place the due date on her calendar" (quoting the record)).

Accordingly, the Court finds that the lack of prejudice created by counsel's error, the short period of delay that resulted, and the lack of bad faith weigh strongly in favor of accepting Plaintiff's delayed opposition, and his counsel's mistaken reliance on the Federal Rules of Civil Procedure does not outweigh those three factors.

---

*Yesudian* does not stand for the proposition that a one-week inadvertent delay always constitutes excusable neglect—only that it is permissible for a district court to find it as such, as the Court does here.

**B.     Motion in Limine**

Turning to Defendant's motion in limine, Defendant seeks to exclude evidence regarding its employees' actions following the incident; specifically, placement of a warning sign over the hole in the floor following Plaintiff's accident and evidence that Defendant subsequently filled in the alleged hole. ECF No. 36-1 at 1–2. Defendant argues that this evidence is prohibited by Rule 407, which states: "[w]hen measures are taken that would have made an earlier injury or harm less likely to occur, evidence of the subsequent measures is not admissible to prove: negligence; culpable conduct; a defect in a product or its design; or a need for a warning or instruction. But the court may admit this evidence for another purpose, such as impeachment or—if disputed—proving ownership, control, or the feasibility of precautionary measures." Fed. R. Evid. 407. The purpose of Rule 407 is to "protect the important policy of encouraging defendants to repair and improve their products and premises without the fear that such actions will be used later against them in a lawsuit." *Werner v. Upjohn Co., Inc.*, 628 F.2d 848, 855 (4th Cir. 1980). "Rule 407 promotes an important policy of encouraging subsequent remedial measures" and for this policy to be effective, courts must narrowly apply the exceptions to it, or risk "subverting the policy underlying the rule." *Id.* at 856 (finding that courts should not be "too quick to read new exceptions into" Rule 407). Notably, Plaintiff does not respond to Defendant's argument that evidence that Defendant subsequently filled in the alleged hole is inadmissible under Rule 407. Presumably, that is because Plaintiff does not intend to offer such evidence. Indeed, this type of evidence would appear to be clearly inadmissible under Rule 407. *Andler v. Clear Channel Broadcasting, Inc.*, Civil Action No. 2:06-CV-265, 2008 WL 2388121, at *3 (S.D. Ohio June 6, 2008) (barring evidence of the subsequent remedial measure of filling in a hole under Rule 407 because who was responsible for repairing the hole was not disputed, Plaintiff did not prove this evidence's

7

relevance, and including the evidence "may mislead the jury to conclude that defendant was negligent and/or that plaintiff's injury could have been prevented"). In any event, the Court will treat this argument as conceded. *Islamic Relations Action Network, Inc. v. Gaubatz*, 306 F. Supp. 3d 165, 173 (D.D.C. 2018) ("[F]ailure to respond to any aspect of [the opposing party's] Motion may be deemed a concession with regard to that part of the Motion."); *Augustus v. McHugh*, 870 F.Supp.2d 167, 172 (D.D.C. 2012) (finding that Plaintiff did not challenge the Defendant's legal argument in a summary judgement motion, and as a result "[t]hese arguments [were] deemed conceded"). Plaintiff does, however, contend that evidence that a warning sign was placed over the hole after he fell is admissible pursuant to Rule 407's impeachment exception, Rule 407's feasibility of precautionary measures exception, and because the evidence could be used to prove the existence of a hole in the floor.

Defendant also moves to exclude evidence of "any [ ] post incident actions" and "evidence of Defendant['s] . . . policies and procedures for handling of a customer's claim of injury in its store" following an accident as irrelevant under Rule 401 because the "actions [Defendant] took following the incident, whether taking a customer's statement, placing a caution sign or taking photos . . . has no bearing on the plaintiff's claims of negligence/premises liability and [Defendant's] duty of reasonable care owed to plaintiff." ECF No. 36-1 at 2. Plaintiff contends that "Home Depot's post-incident actions, policies, and procedures are relevant to [his] claims, because those actions help to make more probable the fact that Home Depot knew or should have known of this dangerous condition prior to [his] injury." ECF No. 37 at 6. Plaintiff also argues for the first time in his reply brief, without elaborating, that failure to take or keep pictures could potentially be evidence of spoliation of evidence. ECF No. 40 at 2.

The Court will address each argument in turn below.

1. Exclusion of Evidence under Rule 407

a. *Introduction of Evidence for Impeachment*

Plaintiff first argues that testimony he intends to offer regarding placement of a warning sign is relevant to impeaching Defendant's witness Jacob Nunyi, who was the manager on duty at the Home Depot where Plaintiff allegedly sustained his injuries and who may testify that he does not recall placing a warning sign after Plaintiff's accident.  Plaintiff bases this argument on Mr. Nunyi's affidavit—executed May 12, 2018, and offered by Defendant in support of its motion for summary judgment—where Mr. Nunyi affirmed that "[t]o the best of [his] recollection at no time on October 16, 2013 did [he] personally or direct anyone to place a caution sign in the area Mr. Charles claims to have injured himself."  ECF No. 26-1 at 2.  Plaintiff contends that "Mr. Nunyi's recollection of the incident is in conflict with other evidence[,]" and that evidence that a warning sign was placed at the site may be offered to impeach Mr. Nunyi's testimony.  ECF No. 37 at 4.  For the reasons below, the Court will defer ruling on this part of Defendant's motion in limine until trial.

It is well-established that "the court may admit [evidence of subsequent measures] for . . . impeachment[.]"  Fed. R. Evid. 407; *English v. Washington Metro Area Transit Authority*, 323 F.R.D. 1, 16 (D.D.C. 2017) ("Rule 407 expressly contemplates that evidence of post-accident remedial measures may be admitted for impeachment or certain other purposes.").  Defendant does not disagree with that general rule, but instead argues that the evidence cannot be used for impeachment because "[c]onflicting testimony of different witnesses is not impeachment testimony."  ECF No. 38-1 at 1–2.  Defendant is incorrect.  Impeachment evidence is not limited to showing inconsistencies within one witness' testimony, but is any "evidence [which] is 'offered to discredit a witness to reduce the effectiveness of her testimony by bringing forth evidence which

9

explains why the jury should not put faith in her . . . testimony.'" *Standley v. Edmonds-Leach*, 783 F.3d 1276, 1282 (D.C. Cir. 2015) (alteration in original) (quoting *Chiasson v. Zapata Gulf Marine Corp.*, 988 F.2d 513, 517 (5th Cir. 1993)). The D.C. Circuit has explained that, "[i]mpeachment evidence used '[t]o attack the credibility of witnesses by the presentation of evidence showing that facts asserted or relied upon in their testimony are false . . . impeach[es] by contradiction.'" *Standley*, 783 F.3d at 1282 (alterations in original) (quoting *Wegener v. Johnson,* 527 F.3d 687, 691 (8th Cir. 2008)). Thus, the D.C. Circuit has recognized that "[i]mpeachment by contradiction is an established way to impeach a witness's credibility." *Standley*, 783 F.3d at 1282. Here, evidence that a warning sign was placed after Plaintiff's alleged accident would contradict Mr. Nunyi's assertion, if he were to so testify, that he did not place a warning sign in the area following Plaintiff's accident. Thus, such evidence could constitute impeachment evidence allowable under Rule 407.

Nevertheless, the Court does not yet know what Mr. Nunyi will testify to at trial, as he could ultimately remember placing a warning sign in the area, or he may not mention it at all during his testimony. Without the benefit of that testimony, the Court cannot at this time determine if the evidence would indeed be relevant to impeaching Mr. Nunyi's testimony by contradiction. To be sure, addressing evidentiary disputes in advance of trial is preferred; however, issues raised in motions in limine that may benefit from further development may be deferred until a later time. *See, e.g.*, *Hart v. RCI Hosp. Holdings, Inc.*, 90 F. Supp. 3d 250, 258 (S.D.N.Y. 2015) ("Courts may reserve deciding a motion *in limine* until trial, and a court's ruling on such a motion is 'subject to change when a case unfolds, particularly if the actual testimony differs from what was contained in [a party's] proffer.'" (alteration in original) (internal citation omitted) (quoting *Luce v. United States*, 469 U.S. at 41, 105 (1984))); *Flythe v. District of Columbia*, 4 F. Supp. 3d 222, 226 (D.D.C.

2014) ("[A] trial judge's discretion 'extends not only to the substantive evidentiary ruling, but also to the threshold question of whether a motion in limine presents an evidentiary issue that is appropriate for ruling in advance of trial.'" (quoting *Graves v. District of Columbia,* 850 F. Supp. 2d 6, 11 (D.D.C. 2011))); *Barnett v. PA Consulting Group*, Inc., 35 F. Supp. 3d 11, 16 (D.D.C. 2014) (same); *see also, e.g.*, *Rosemann v. Roto-Die, Inc.*, 377 F.3d 897, 902 (8th Cir. 2004) (finding no error in district court ruling "that the evidence would 'likely be admissible' but 'it's too early to decide'"); *Jonasson v. Lutheran Child and Family Services*, 115 F.3d 436, 440 (7th Cir. 1997) ("Some evidentiary submissions, however, cannot be evaluated accurately or sufficiently by the trial judge in such a procedural environment. In these instances, it is necessary to defer ruling until during trial, when the trial judge can better estimate its impact on the jury."); *Spencer v. Sea-Land Service, Inc.*, No. 98CIV2817, 1999 WL 619637, at *1 (S.D.N.Y. 1999) (finding the "defendant's motion *in limine* under Rule 407 [to be] premature" because the Court "simply [did] not know yet whether, at the time of the trial, there [would] be a proper basis for [the evidence's] admission").

Accordingly, the Court will wait until trial to determine whether this evidence can be used by Plaintiff to impeach Mr. Nunyi's testimony.

      b.  *Introduction of Evidence to Show the Feasibility of Precautionary Measures*

Plaintiff next argues that the evidence is admissible for the purpose of proving the feasibility of placing a warning sign. ECF No. 37 at 5. Rule 407 authorizes evidence of subsequent measures for proving, if disputed, "the feasibility of precautionary measures." Fed. R. Evid. 407. But here, Defendant does not dispute the feasibility of subsequent remedial measures and thus argues that Rule 407's exception does not apply. ECF No. 38-1 at 2; *see Werner*, 628 F.2d at 853 ("Federal Rule of Evidence 407 . . . does, however, permit evidence of subsequent remedial

measures to be used to prove the feasibility of such measures, but only if feasibility is controverted by the defendant.").

Plaintiff responds by arguing that the evidence should be admissible because placing a sign was "not unreasonable." ECF No. 37 at 5. But "reasonableness" is not a basis to admit evidence of subsequent remedial measures under Rule 407 where, as here, Defendant does not dispute the feasibility of precautionary measures. Rule 407's feasibility exception "is not an open sesame whose mere invocation parts Rule 407 and ushers in evidence of subsequent repairs and remedies. To read it that casually w[ould] cause the exception to engulf the rule." *In re Joint E. Dist. & S. Dist. Asbestos Litig.*, 995 F.2d 343, 345 (2d Cir. 1993). Plaintiff contends that Defendant does dispute feasibility and points to Defendant's motion for summary judgment where it argued that "it is not 'expected to assume burdens of care which are unreasonable.'" ECF No. 37 at 5 (citing ECF No. 26 at 4). Plaintiff takes Defendant's argument out of context. Defendant was not arguing that placing a warning sign was unreasonable or infeasible; rather, Defendant was arguing that the alleged hole was not a defect as a matter of law and was quoting a D.C. Court of Appeals case discussing whether a storeowner had constructive notice of a dangerous condition and the storeowner's duty of care. *See* ECF No. 26 at 4 ("Moreover, the court in *Whitehouse* noted that even if the storeowner had notice of the defect it is not determinative of negligence and 'the store is not expected to assume burdens of care which are unreasonable in the light of the relative expense and difficulty . . . as weighed against the probability and seriousness of the foreseeable harm to others.'" (alterations in original) (quoting *Whitehouse v. Safeway Stores, Inc.*, 385 A.2d 755, 757 (D.C. 1978))). Thus, the dispute raised by Defendant in its motion for summary judgment was not whether placement of a warning sign was feasible, but whether it was necessary. *See In re Joint Litig.*, 995 F.2d at 346 (declining to allow evidence of subsequent product warning where

the defendant "at no point argued that it was unable to issue a warning," but, rather "vigorously denied that its product required a warning or was defective without a warning"); *Mills v. Beech Aircraft Corp., Inc.*, 886 F.2d 758, 763–64 (5th Cir. 1989) (declining to allow evidence of revised installation instructions following accident where "defendants . . . did not contest the feasibility of a better installation instruction, but rather maintained that the instructions in the [ ] manual were acceptable). Because Defendant does not dispute the feasibility of placing a warning sign, Plaintiff may not use the evidence to prove the feasibility of precautionary measures.

### c. Introduction of Evidence to Show the Existence of a Hole

Plaintiff's final argument is that the evidence of placement of a warning sign after his fall "is admissible to prove that a defect existed at the time of the incident." ECF No. 37 at 5. Presumably realizing, as Defendant points out, that proving the existence of a defect "is the very purpose for which Fed. R. Evid. 407 excludes [ ] evidence" of subsequent remedial measures (ECF No. 38-1 at 2), Plaintiff explains in his surreply that he only intends to admit the evidence to "prove that there was [ ] *something* abnormal (albeit not 'defective') about the floor." ECF No. 40 at 1. But simply replacing the word "defect" with the phrase "something abnormal" does not cure the infirmity of Plaintiff's argument.

Plaintiff does not explain why establishing the existence of "something abnormal" is meaningfully different than establishing the existence of a "defect," such that concerns of undermining the purpose of Rule 407 would be abated. In either case, defendants may be less likely to take subsequent remedial measures if those measures could be used to suggest there was something wrong, even if not "legally" defective, as Plaintiff suggests here. ECF No. 40 at 1. Unsurprisingly, Plaintiff does not cite any authority suggesting that Rule 407's prohibition on evidence of subsequent remedial measures as evidence of a defect does not apply when the

evidence is offered to prove the existence of "something abnormal." *See generally* ECF No. 40. Plaintiff does point to *McFarlane v. Caterpillar, Inc.* as support for the admissibility of evidence intended to establish "the unaltered state of the [floor] at the time [of the accident]," 974 F.2d 176, 181–82 (D.C. Cir. 1992), but *McFarlane* does not provide the support that Plaintiff suggests. That specific evidence in *McFarlane* was not evidence of a subsequent remedial measure, but of the dimensions of a machine that did not meet manufacturing specifications. *See id.* (finding that portion of "post-accident service report" "indicating that the dimensions of a spool in the hydraulic system did not meet manufacturing specification" "was clearly not 'evidence of . . . subsequent measures' that must be excluded under Rule 407; rather, it was evidence of the unaltered state of the spool at the time it was inspected"). Here, neither party disputes that placement of a warning sign following Plaintiff's injury is not properly considered a subsequent remedial measure covered by Rule 407.

More, even if there was a meaningful distinction between "something abnormal" and "a defect," Rule 403 provides another basis for excluding the evidence here. Fed. R. Evid. 403; s*ee Friedman v. Nat'l Presto Indus., Inc.*, 566 F. Supp. 762, 765 (E.D.N.Y. 1983) ("In the event that the evidence of defendant's subsequent measures is not excludable under Rule 407, the court must then make the analysis required by Rule 403."). Rule 403 provides that "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." The Court has considerable discretion in weighing the probative value and potential prejudicial effect of evidence. *See Webb v. Hyman*, 861 F. Supp. 1094, 1111 (D.D.C. 1994) ("Rule 403 grants the trial judge considerable discretion in determining the balancing of the prejudicial and probative effect of this kind of evidence.");

14

*Caulfield v. Stark*, 893 A.2d 970, 980 (D.C. 2006) ("'The determination of what evidence is relevant, and what evidence may tend to confuse the jury, is left to the sound discretion of the trial court.'" (quoting *Turcios v. United States Servs. Indus.*, 680 A.2d 1023, 1030 (D.C. 1996))).

Here Defendant correctly notes that such evidence would be highly prejudicial. ECF No. 38-1 at 2–3. Rule 407 inherently recognizes the likely prejudicial effect of subsequent remedial evidence. *See* Fed. R. Evid. 407; *see also Ray v. Am. Nat'l Red. Cross*, 696 A.2d 399, 408 (D.C. 1997) ("[A]dmitting evidence of what the defendant's conduct was *after* the alleged negligent act or omission will 'distract the minds of the jury from the real issue and . . . create a prejudice against defendant.'" (emphasis in original) (ellipses in original) (quoting *Avery v. S. Kann Sons Co.*, 91 F.2d 248, 250 (D.C. Cir. 1937)); *cf. Gauthier v. AMF, Inc.*, 788 F.2d 634, 638 (9th Cir. 1986) (finding that the lower court's admission of evidence that should have been barred by Rule 407 "was prejudicial error that requires a new trial"). More, this evidence would likely "confus[e] the issues, [or] mislead[ ] the jury," Fed. R. Evid. 403, *see Diehl v. Blaw-Knox*, 360 F.3d 426, 431 (3rd Cir. 2004) ("[W]e appreciate the potential that subsequent design changes represent for distracting juries from the issue at hand[.]")). Indeed, as discussed above, even Plaintiff may have fallen prey to this confusion, as he initially argued that the evidence could be used to "to prove that a *defect* existed at the time of the incident[,]" before correcting himself and replacing that word with "something abnormal." ECF No. 37 at 5; ECF No. 40 at 1.

With respect to the probative value of such evidence, it is not clear how placement of a warning sign following Plaintiff's injury would demonstrate, as Plaintiff argues, that Defendant had constructive or actual knowledge of any alleged hole in the floor prior to his injury, because Defendant's employee may have simply placed the warning sign where Plaintiff told him to place it. *See* ECF No. 36-2 at 2 (Plaintiff's deposition testimony where he stated "[Mr. Nunyi] said,

15

where you at, sir. And I took him over to [the alleged hole]" and then "he went and got the caution sign and put it over the hole"). Thus, the mere fact that Defendants placed a warning sign on the floor allegedly after Plaintiff showed Defendant where to place it does not have significant probative value in demonstrating "the ease with which the manager visually identified the hole and immediately placed a caution cone over the hole[.]" ECF No. 37 at 6; *Bell v. Gonzales*, No. Civ.A. 03-163, 2005 WL 3555490, at *4 (D.D.C. Dec. 23, 2005) (excluding evidence under Rule 403 after determining that "the danger of unfair prejudice is significant and outweighs the minimal probative value" because the disputed "evidence [was something] any reasonable jury would find difficult to ignore, despite the analytically and factually flawed basis for [the] conclusion" the jury was likely to draw); *Medina v. District of Columbia*, Civil Action No. 97-594, 2008 WL 11388705, at *6 (D.D.C. July 7, 2008) (precluding evidence under Rule 407 because its probative value was as "part of an effort to establish culpable conduct . . . and [was] therefore expressly barred by Rule 407").

Accordingly, the Court finds that Rule 407 bars evidence of placement of a warning sign to establish a hole, defect, or "something abnormal" on the floor and that the probative value of such evidence is also outweighed by the potential for prejudice, misleading the jury, and confusing the issues.

        2.      Exclusion of Evidence under Rule 401

Recall that Defendant also seeks to exclude as irrelevant under Rule 401 "any [ ] post incident actions" and "evidence of Defendant['s] . . . policies and procedures for handling of a customer's claim of injury in its store" following an accident. Rule 401 defines relevant evidence as evidence that "(a) [ ] has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Irrelevant

evidence is inadmissible under Rule 402. *See* Fed. R. Evid. 402. Defendant contends that "[t]he actions [it] took following the incident, whether taking a customer's statement, placing a caution sign or taking photos . . . has no bearing on the plaintiff's claims of negligence/premises liability and its duty of reasonable care owed to [P]laintiff." ECF No. 36-1 at 2. Plaintiff's only response to this argument is to summarily state that such evidence is relevant because it "helps to make more probable the fact that Home Depot knew or should have known of this dangerous condition prior to Mr. Charles's injury." ECF No. 37 at 6. But Plaintiff fails to explain how Defendant's general policies and procedures for handling an accident *after* it occurs would have any bearing on whether Defendant knew of or should have known about an alleged defect in the floor *before* the incident occurs. *See Andler*, 2008 WL 2388121, at *2 ("[P]laintiff has not explained how the timing of defendant's repair or defendant's response to the knowledge of the hole will aid the jury in its determination [of whether the defendant was negligent prior to the plaintiff's injury]. Therefore, there is no showing that these proffered reasons are relevant to any issue in this case." (internal quotation marks omitted)). The Court agrees that such actions have no clear relevance to what Defendant knew or should have known prior to the incident.

Plaintiff also argues that failure to take or keep pictures could potentially be evidence of spoliation of evidence. ECF No. 40 at 2.[4] But it is again not clear what bearing that argument has on relevance under Rules 401 and 402, nor does Plaintiff offer any evidence to suggest that such spoliation occurred. To the extent that Plaintiff is attempting to allege intentional spoliation, he would be required to show that "[t]he party having control over the evidence had an obligation to

---

[4] Defendant correctly notes that Plaintiff raised this argument for the first time on reply, and thus the Court may deem it waived. ECF No. 42 at 2 n.1; *see Herbert v. Nat'l Acad. of Scis.*, 974 F.2d 192, 196 (D.C. Cir. 1992) (declining to consider arguments raised in appellate reply brief because "an argument discussed for the first time in reply would be manifestly unfair to the [party] who … has no opportunity for a written response"). However, because Defendant had an opportunity to respond with its own surreply, the Court will address the argument. *See also Goodrich v. Teets*, 510 F. Supp. 2d 130, 143 (D.D.C. 2007) (considering argument raised for the first time in reply brief because opposing party had the opportunity to respond in its own reply).

17

preserve it when it was destroyed or altered; (2) the destruction or loss was accompanied by a 'culpable state of mind'; and (3) the evidence that was destroyed or altered was 'relevant' to the claims or defenses of the party that sought the discovery of the spoliated evidence, to the extent that a reasonable factfinder could conclude that the lost evidence would have supported the claims or defense of the party that sought it." *Ashraf-Hassan v. Embassy of France in the U.S.*, 130 F. Supp. 3d 337, 340 (D.D.C. 2015) (quoting *Mazloum v. D.C. Metro. Police Dep't,* 530 F. Supp. 2d 282, 291 (D.D.C.2008)). Here Plaintiff has made no effort to meet the showing required for intentional spoliation; rather, Plaintiff only summarily states that "[t]he failure of Defendant to follow its own policies and procedures by taking or keeping photographs, if admitted by Defendant's representatives, could be evidence of spoliation of evidence." ECF No. 40 at 2. Plaintiff cites nothing to support this throw-away argument; thus, it is of no help to his effort to introduce evidence Defendant's post-accident policies, procedures, and actions. *See, e.g.*, *Al-Tamimi v. Adelson*, 916 F.3d 1, 6 (D.C. Cir. 2019) ("Mentioning an argument 'in the most skeletal way, leaving the court to do counsel's work, create the ossature for the argument, and put flesh on its bones' is tantamount to failing to raise it." (quoting *Schneider v. Kissinger*, 412 F.3d 190, 200 n.1 (D.C. Cir. 2005))); *CTS Corp. v. EPA*, 759 F.3d 52, 64 (D.C. Cir. 2014) (finding an argument made in conclusory fashion forfeited). Accordingly, the Court will grant Defendant's motion in limine to exclude evidence of Home Depot's policies and procedures for handling customer claims and any post-incident actions taken, with the exception, discussed in Part II.B.1.a, of placement of the warning sign to the extent it becomes relevant to impeach Mr. Nunyi during trial.

### III. CONCLUSION

For the reasons discussed above, it is hereby

**ORDERED** that Defendant's motion in limine (ECF No. 36) is **GRANTED IN PART**; it is further

**ORDERED** that Defendant's motion to strike Plaintiff's memorandum in opposition to Defendant's motion in limine (ECF No. 38) is **DENIED**; it is further

**ORDERED** that Plaintiff's motion for an extension of time to file a response to Defendant's motion in limine (ECF No. 41) is **GRANTED**.

**SO ORDERED**.

Date: September 28, 2021

_____
G. MICHAEL HARVEY
UNITED STATES MAGISTRATE JUDGE